UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sterling L. Singleton, | ) | C/A No. 9:21-cv-00650-JMC-MHC |
|                Plaintiff, | ) ) ) | **REPORT AND RECOMMENDATION** |
| v. | ) ) | |
| SCDC, Brian P. Stirling, Frank Richardson, Warden Joyner, Warden (Associate) Tisdale, Associate Warden Sharpe, | ) ) ) ) | |
|                Defendants. | ) ) | |

Plaintiff Sterling L. Singleton ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was incarcerated within the South Carolina Department of Corrections ("SCDC"). ECF Nos. 1, 14. Defendants SCDC, Brian P. Stirling, Warden Tisdale, and Warden Sharp[1] ("Defendants") filed a Motion for Summary Judgment ("Motion"). ECF No. 44. After the Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to adequately respond to Defendants' Motion, Plaintiff filed documents which the Court has construed collectively as a Response in Opposition. *See* ECF Nos. 45, 70, 73, 80, 85. The matter is, therefore, ripe for review.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e) (D.S.C.). Because the Motion is dispositive as to these Defendants,[2] this Report and

---

[1] Defendant Sharp's last name is spelled without an "e" at the end. *See* ECF No. 44-6.

[2] Discovery is still ongoing as to Defendants Frank Richardson and Warden Joyner. *See* ECF Nos. 75, 92, 93.

Recommendation is entered for review by the District Judge. For the reasons that follow, the undersigned recommends granting the Motion.

## I. BACKGROUND

In his Amended Complaint, Plaintiff asserts claims concerning an incident on March 13, 2018, while he was housed at Lee Correctional Institution. ECF No. 14 at 5. Specifically, he alleges that while being transported in restraints and "not posing any threats," Defendant Frank Richardson used unconstitutionally excessive force by slamming Plaintiff to the ground and placing his knee on the back of Plaintiff's neck and face. ECF No. 14 at 5–6. Plaintiff alleges that he went nearly unconscious and suffered great bodily harm. ECF No. 14 at 6. He asserts that this action was possibly retaliatory in nature. ECF No. 14 at 6, 8.

According to the Incident Report, Defendant Richardson was called to Plaintiff's cell because Plaintiff had been setting fires on the wing. ECF No. 44-4 at 2. After Plaintiff set more fires, Plaintiff was escorted by Defendant Richardson and another officer to the duty office at the request of mental health personnel. ECF No. 44-4 at 2. Plaintiff verbally threatened and attempted to grab the officers, at which point Plaintiff was restrained and put on the floor. ECF No. 44-3 at 2, 44-4 at 3, 44-6 at 1, ¶ 5. Plaintiff was taken to medical and seen by Nurse Sherri Thomas. ECF No. 44-4 at 3. No injuries were noted by medical. ECF No. 44-4 at 3, 44-6 at 2, ¶ 6.

Plaintiff attaches several grievances complaining about his medical care, but he does not allege any of the named Defendants are responsible for, or prevented, his medical treatment. *See* ECF No. 14 at 5–6, 14-1 at 4. He further implies that he disagrees with decisions about his grievances, but he does not claim any named Defendant had any responsibility for, nor took any unconstitutional action regarding, those grievances. *See* ECF No. 14 at 7–9, 14-1 at 3. Other than the specific allegations against Defendant Richardson, Plaintiff does not allege any actions on the

part of any other Defendant. According to Defendant Sharp's affidavit, Defendants maintain they took no specific actions toward Plaintiff during this time period. ECF No. 44-6 at 2, ¶¶ 7–9. Plaintiff appears to request declaratory, injunctive, and monetary relief. ECF No. 14 at 7.

## II.     LEGAL STANDARD

Defendants move for summary judgment on Plaintiff's claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 44. Summary judgment is appropriate if a party "shows there is no genuine dispute as to any issue of material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under the framework established in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the party seeking summary judgment shoulders the initial burden of demonstrating to the Court that there is no genuine issue of material fact. *Id*. at 323. Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id*. at 324.

Under this standard, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, although the Court views all the underlying facts and inferences in the record in the light most favorable to the non-moving party, the non-moving "party nonetheless must offer some 'concrete evidence from which a reasonable juror could return a verdict in his [or her] favor.'" *Williams v. Genex Servs., LLC*, 809 F.3d 103, 109 (4th Cir. 2015) (quoting *Anderson*, 477 U.S. at 256). That is to say, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory or speculative allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Thompson v.*

*Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. To survive summary judgment, the non-movant must provide evidence of every element essential to his action on which he will bear the burden of proving at a trial on the merits. *Celotex Corp.*, 477 U.S. at 322.

Additionally, pro se filings are to be "liberally construed" and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). This "[l]iberal construction of the pleadings is particularly appropriate where, as here, there is a pro se complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (citation omitted); *Williamson v. Stirling*, 912 F.3d 154, 173 (4th Cir. 2018) (noting "we are obliged to construe [a complaint's] allegations liberally and with the intent of doing justice"). However, the requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact when none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

### III.    DISCUSSION

Plaintiff brought this suit pursuant to 42 U.S.C. § 1983, which has various limitations on the extent to which an action under that statute may proceed. Defendants assert these limitations ultimately entitle them to summary judgment. Specifically, Defendants argue they are entitled to summary judgment because, inter alia, the Eleventh Amendment bars the suit against them in their

4

official capacities, and Plaintiff has failed to allege or show personal involvement on the part of these Defendants in their individual capacities. The undersigned agrees and recommends Defendants' Motion be granted.[3]

### A. Eleventh Amendment

As an initial matter, Defendants are being sued in both their official and individual capacities. ECF No. 14 at 2–3. Defendants, in their official capacities, are immune from suit under the Eleventh Amendment and, thus, entitled to summary judgment.

Under the Eleventh Amendment, federal courts are barred from hearing claims against a state or its agents, instrumentalities, and employees, unless the state has consented to the suit. *Fauconier v. Clarke*, 966 F.3d 265, 279 (4th Cir. 2020); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) ("It has long been settled that [the Eleventh Amendment's] reference to 'actions against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). Unless a state has consented to suit or Congress has waived a state's immunity pursuant to the Fourteenth Amendment, a state (and its agencies) may not be sued in federal or state court. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress has not abrogated the states'

---

[3] As set forth below, Plaintiff has failed to show any personal involvement by any of these Defendants pertaining to his claims. *See* Discussion III. B., *infra*. Similarly, Plaintiff has not put forth any evidence to create a genuine issue of material fact as to his claims against these Defendants. He has not shown that any of these Defendants were deliberately indifferent to his serious medical needs, let alone were responsible for or interfered with his medical care. *See Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975). To the extent Plaintiff claims that Defendants refused to house him in the area and under the conditions he demanded, he has presented no evidence that any of these Defendants had any input into his housing. Moreover, the only evidence before the Court is that Plaintiff was often separated from the general prison population for safety or mental health concerns, based upon the recommendations of medical and/or mental health professionals, such that these restrictions do not rise to the level of cruel and unusual punishment. *See Porter v. Clarke*, 923 F.3d 348, 362–63 (4th Cir. 2019), *as amended* (May 6, 2019). Accordingly, Defendants are also entitled to summary judgment for these reasons.

sovereign immunity under § 1983, *Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

Here, Defendant SCDC is an agency and an alter ego of the state of South Carolina. *See* S.C. Code § 24-1-30. As a result, the Eleventh Amendment bars the action against Defendant SCDC. *See Will*, 491 U.S. at 66.

Plaintiff has also brought suit against Defendants Stirling, Tisdale, and Sharp in their official capacities. At all times relevant to Plaintiff's Amended Complaint, it is undisputed that Defendants were employed by SCDC. Thus, Defendants Stirling, Tisdale, and Sharp are likewise entitled to Eleventh Amendment immunity in their official capacities. *See Simpson v. S.C. Dep't of Corr.*, No. 2:19-CV-2245-RMG, 2020 WL 582321, at *2 n.1 (D.S.C. Feb. 6, 2020) (noting SCDC employees are entitled to Eleventh Amendment immunity in suits brought against them in their official capacities).

Finally, for purposes of § 1983, Defendants are not considered "persons" amenable to suit. *See Will*, 491 U.S. at 71 ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Hafer v. Melo*, 502 U.S. 21, 26–27 (1991). Accordingly, the undersigned recommend granting summary judgment to SCDC and to the individual Defendants in their official capacities.

**B. Plaintiff fails to establish threshold requirements of a § 1983 claim against Defendants Stirling, Tisdale, and Sharp.**

As to any claims against Defendants Stirling, Tisdale and Sharp in their individual capacities, they are entitled to summary judgment because Plaintiff failed to satisfy threshold elements necessary for a § 1983 action to proceed. Specifically, Plaintiff has failed to show any

6

personal involvement on the part of these Defendants.[4]

To state a § 1983 claim, Plaintiff must demonstrate the Defendants, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. 42 U.S.C. § 1983; *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Outside of being named as supervisors, Plaintiff's Amended Complaint sets forth no actions attributable to these Defendants whatsoever. *See* ECF No. 44-6 at 2, ¶¶ 7–9. Consequently, Plaintiff fails to show these Defendants had any personal involvement in the alleged constitutional violations. *See Williamson*, 912 F.3d at 171 (noting a plaintiff must show that the official acted personally in violating the plaintiff's constitutional rights); *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (noting liability will only lie in § 1983 actions where it is "affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights" (citation omitted)).

Moreover, to the extent Plaintiff alleges Defendants are vicariously liable by virtue of their supervisory positions, such claims also fail. Pure supervisory liability will not lie in § 1983 actions. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("The doctrine of *respondeat superior* has no application under this section." (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977))). Rather, to hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983, Plaintiff must show facts establishing the following elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between

---

[4] As already noted, Defendant SCDC, as a legal entity, is not a "person" amenable to suit under § 1983; thus, to the extent Plaintiff attempts to allege individual capacity claims against SCDC, such claims fail as a matter of law.

7

the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff has failed to show any of these required elements. Accordingly, because Plaintiff has failed to point to evidence in the record that would support threshold essential elements of a § 1983 claim, summary judgment is appropriate as to Defendants Stirling, Tisdale, and Sharp in their individual capacities.[5] *See Celotex Corp.*, 477 U.S. at 322 (noting the non-movant must provide evidence of every element essential to his action to survive summary judgment).

## IV.    RECOMMENDATION

For the reasons set forth above, it is **RECOMMENDED** that Defendant's Motion, ECF No. 44, be **GRANTED**.

_____
Molly H. Cherry
United States Magistrate Judge

January 5, 2022
Charleston, South Carolina

**The parties are directed to the attached Notice for their rights to file objections to this recommendation.**

---

[5] Defendants also argue they are entitled to qualified immunity for discretionary acts when carrying out their duties. ECF No. 44-1 at 8–11. Because Plaintiff has not identified any specific acts of these Defendants that would give rise to liability under § 1983, the undersigned need not address the issue of qualified immunity.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).