IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sterling Singleton, | ) | Civil Action No.: 9:21-cv-00650-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SCDC, Brian P. Stirling, Frank Richardson, Warden Joyner, Associate Warden Sharpe, Warden Associate Tisdale, and Wayne Bowman, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Motion for Summary Judgment (ECF No. 44) filed by Defendants South Carolina Department of Corrections ("SCDC"), Brian Stirling ("Stirling"), Warden Associate Tisdale ("Tisdale"), and Associate Warden Sharp[1] ("Sharp") (collectively, "Moving Defendants"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to the United States Magistrate Judge for pretrial handling. On January 5, 2022, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 101). For the reasons set forth below, the court **ACCEPTS** the Report and Recommendation (ECF No. 101), **GRANTS** Moving Defendants' Motion for Summary Judgment (ECF No. 44), and **DISMISSES** Defendants SCDC, Stirling, Tisdale, and Sharp from this case.

I.     RELEVANT BACKRGOUND

Plaintiff Sterling Singleton, proceeding *pro se*[2] and *in forma pauperis*, filed this civil rights action against SCDC, Stirling, Sharp, Tisdale, Frank Richardson ("Richardson"), and Warden

---

[1] Sharp is the correct spelling of this defendant's last name. (*See* ECF No. 44-6.)

[2] The court is required to interpret *pro se* documents liberally and such documents are held to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "special judicial solitude" with which a district court should view *pro se*

1

Joyner ("Joyner") (collectively, "Defendants")[3] alleging violations of his constitutional rights during his incarceration. (ECF Nos. 1, 13, 107.) Specifically, Plaintiff avers that in March 2018, while Plaintiff was being transported in restraints, Defendant Frank Richardson ("Richardson") used excessive force by slamming Plaintiff to the ground and placing his knee on the back of Plaintiff's neck and face. (ECF No. 14 at 5–6.)

On July 20, 2021, the Moving Defendants filed a Motion for Summary Judgment. (ECF No. 44.) The Magistrate Judge then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to adequately respond to Defendants' Motion. (ECF No. 45.) On September 17, 2021, the Magistrate Judge granted Plaintiff's Motion for Extension of Time (ECF No. 54) to respond to the Motion for Summary Judgment and ordered counsel for Defendants to re-serve a copy of the Motion on Plaintiff. (ECF No. 56.) On October 25, 2021, Plaintiff filed both a Response (ECF No. 70) and a Request for Enlargement of Time to Respond (ECF No. 71). The Magistrate Judge extended Plaintiff's deadline to respond to the Motion for Summary Judgment to December 21, 2021. (ECF No. 73.) Plaintiff filed a Motion to Disregard (ECF No. 80) on November 22, 2021, which the Magistrate Judge considered in conjunction with Plaintiff's previous response (ECF No. 70) as Plaintiff's response in opposition to the Motion for Summary Judgment. (ECF No. 85.)

On January 5, 2022, the Magistrate Judge issued a Report and Recommendation, recommending this court grant Moving Defendants' Motion for Summary Judgment. (ECF No. 101.) On January 14, 2022, Plaintiff filed a Motion to Stay (ECF No. 105), requesting the court

---

motions "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

[3] The Second Amended Complaint (ECF No. 107) added Wayne Bowman as a defendant. Defendants Richardson, Joyner, and Bowman did not join in the Motion for Summary Judgment.

to stay its ruling on Defendants' Motion for Summary Judgment until Plaintiff has time to conduct further discovery. On January 20, 2022, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 115.) On February 9, 2022, the court denied Plaintiff's Motion to Stay Ruling on the Motion for Summary Judgment upon finding that Plaintiff had a reasonable opportunity to conduct discovery and did not identify any specific information sought in discovery that would create a genuine issue of material fact as to the Moving Defendants. (ECF No. 147.)

## II.     JURISDICTION

This court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because Plaintiff alleges violations of the laws of the United States. Specifically, Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983, which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws."

## III.    LEGAL STANDARD

A.      The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or

3

modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

B.     Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment. *See id.* at 248.

Put simply, "[a] fact is 'material' if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case." *Agee v. Wayne Farms LLC*, Nos. 2:07cv1010–KS–MTP, 2:07cv1011–KS–MTP, 2008 WL 5398743, at *1 (S.D. Miss. Dec. 19, 2008) (citing *Anderson*, 477 U.S. at 248). *See generally Polycast Tech. Corp. v. Uniroyal, Inc.*, 792 F. Supp. 244, 249 (S.D.N.Y. 1992) ("While the party resisting summary judgment must show a dispute of fact, it must also be a material fact in light of the substantive law."); *Allstate Ins. Co.*

4

*v. Shockley*, 793 F. Supp. 852, 854 (S.D. Ind. 1991) ("Moreover, the mere existence of a factual dispute is not by itself sufficient to bar summary judgment; the disputed fact must be outcome determinative." (citations omitted)). A fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. The mere existence of "some alleged factual dispute" is insufficient to defeat a well-supported summary judgment motion. *Id.* at 247–48. "A dispute over irrelevant or unnecessary facts will not preclude summary judgment, but the presence of unresolved factual issues that are material to the outcome of the litigation mandates a denial of summary judgment." *GSGSB, Inc. v. N.Y. Yankees*, 862 F. Supp. 1160, 1170 (S.D.N.Y. 1994) (citations omitted).

## IV.     ANALYSIS

A.     The Report and Recommendation

Initially, the Magistrate Judge noted that, in their official capacities, Moving Defendants are immune from suit under the Eleventh Amendment and, thus, entitled to summary judgment. (ECF No. 101 at 5–6.) The Magistrate Judge also explained that Defendant SCDC is an agency and alter ego of the state of South Carolina and, as a result, the Eleventh Amendment also bars action against it. (*Id.* at 6 (citing S.C. Code Ann. § 24-1-30 (West 2022); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)).) Next, as to the claims against Stirling, Tisdale, and Sharp in their individual capacities, the Magistrate Judge found that they are entitled to summary judgment because Plaintiff failed to satisfy the threshold requirements of a § 1983 action. (*Id.* at 6.) As the Report explains, "to state a § 1983 claim, Plaintiff must demonstrate the Defendants, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States." (*Id.* at 7 (citing 42 U.S.C. § 1983; *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001)).) Finally, the Magistrate Judge found that Plaintiff's claims that Moving

Defendants are vicariously liable based on their supervisory positions also fail because Plaintiff failed to make a showing of any of the required elements for such a claim. (*Id.* at 8.)

B.    Plaintiff's Objections

Plaintiff's objections focus mainly on restating the factual background of the case and reasserting arguments raised in previous motions. (*See* ECF No. 115 at 1–7.)  Plaintiff does generally aver that genuine issues of material fact exist as to the existence of certain constitutional rights, whether Defendants have certain duties related to protecting Plaintiff's constitutional rights, whether these duties were clearly established before March 13, 2018, whether circumstantial evidence of Defendants' knowledge of the risk exists or existed at the time of the incident at issue, whether Defendants had knowledge of the violation of Plaintiff's constitutional rights, whether Defendants are deliberately indifferent, whether Defendants remedied the alleged violation of Plaintiff's constitutional rights, whether Defendants were personally involved in such violation, and whether Defendants are entitled to qualified immunity.[4]  (*Id.* at 9.)

C.    The Court's Review

Objections to the Report and Recommendation must be specific.  Vague, general, or conclusory objections not directed toward a particular portion of a magistrate judge's findings or reasoning defeat the purpose of initial screening, and presented with such objections, a court may review a report and recommendation for clear error. *See, e.g.*, *Orpiano*, 687 F.2d at 47; *Ruff v. United States*, No. 1:17-cv-148, 2018 WL 2981167, at *1 (N.D. W. Va. June 14, 2018).  Likewise, merely reiterating the same arguments presented to a magistrate judge does not constitute a specific

---

[4] Plaintiff also asserts genuine issues of material fact exist as to whether he is entitled to appointment of counsel and whether the courts are assisting Defendants in violating his constitutional rights. (ECF No. 115 at 9.)  These issues are not relevant for the purpose of the Motion for Summary Judgment because Plaintiff's Motion to Appoint Counsel is not presently before the court and Plaintiff's accusations against the court are not relevant to the present Motion.

6

objection warranting de novo review. *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom. Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199.

Here, the court concludes that Plaintiff's objections merely restate his earlier arguments and, rather than setting forth specific objections to the Report, Plaintiff just objects generally to its findings. In addition to conclusory statements regarding the existence of genuine issues of material fact, Plaintiff argues that Defendants have not denied having knowledge that their subordinates were engaged in a practice of using unlawful force against prisoners or that they "created a custom" of "turning blind eyes to, being acquiescent to [and] thus with deliberate indifference condoning, encouraging, communicating messages of approval, facilitating such unlawful uses of force" against Plaintiff and other inmates. (ECF No. 115 at 2–3.) As evidence of Defendants' deliberate indifference, Plaintiff points to the unanswered request forms and grievances attached as exhibits to his Complaint that he filed to prison staff after the March 2018 incident. (*Id.* at 3.) The grievances Plaintiffs refers to assert that Defendant Richardson used excessive force in March of 2018 and that the medical staff were deliberately indifference to his needs. (ECF No. 107 at 15–19.) Although the Second Amended Complaint generally alleges a failure to train/supervise cause of action, he does not allege any facts to support these claims. At the summary judgment stage, a factual dispute raised by a non-moving party must be "genuine" and "material." *See* Fed. R. Civ. P. 56(a).

Plaintiff does not assert any additional arguments or reasoning to support his objections to the finding of the Report. As the Magistrate Judge properly considered and addressed each of

7

these arguments, the court adopts the recommendations therein. Because Plaintiff's objections are nonspecific, and Plaintiff still fails to adequately identify a genuine issue of material fact in accordance with Rule 56(c) of the Federal Rules of Civil Procedure, the Court agrees his claims against these Defendants are subject to summary judgment in favor of Moving Defendants.

## V.     CONCLUSION

After a thorough review of the record, the Report, the parties' arguments, and the applicable law, the court finds that the Report provides an accurate summary of the issues and does not contain clear error. Therefore, the court **ACCEPTS** the Report and Recommendation (ECF No. 101), **GRANTS** Moving Defendants' Motion for Summary Judgment (ECF No. 44), and **DISMISSES** Defendants SCDC, Stirling, Tisdale, and Sharp from this case.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 10, 2022
Columbia, South Carolina