IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sterling L. Singleton, ) | C.A. NO. 9:21-cv-00650-JMC-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| SCDC, Brian P. Stirling, Frank Richardson, ) | |
| Warden Joyner, Associate Warden Sharpe, ) | |
| Warden Associate Tisdale, and ) | |
| Wayne Bowman, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by Plaintiff, proceeding pro se, pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Before the Court are five Motions to Compel filed by Plaintiff, ECF Nos. 117, 118, 122, 123, and 124. Defendants SCDC, Brian P. Stirling, Associate Warden Sharpe, and Warden Associate Tisdale (the "SCDC Defendants") filed Responses to each of the Motions, ECF Nos. 127, 128, 130, 131, and 132. Defendants Warden Joyner and Frank Richardson each filed one Response in opposition to Plaintiff's motions. ECF Nos. 138, 139. Plaintiff filed Replies. ECF Nos. 152, 153. The Motions are ripe for review.

**Factual Background**

In his Second Amended Complaint, Plaintiff asserts claims concerning an incident on March 13, 2018, while he was housed at Lee Correctional Institution. ECF No. 107 at 5. Specifically, he alleges that while being transported in restraints and "not posing any threats," Defendant Richardson, with help from Defendant Bowman, used unconstitutionally excessive force by slamming Plaintiff to the ground and placing his knee on the back of Plaintiff's neck and face. ECF No. 107 at 5–6, 24–25. Plaintiff alleges that he went nearly unconscious and suffered

great bodily harm. *Id.* at 6. He asserts that this action was possibly retaliatory in nature. *Id.* at 6, 8.

Plaintiff attaches several grievances complaining about his medical care, but he does not allege any of the named Defendants are responsible for, or prevented, his medical treatment. *See id.* at 5–6, 15–19, 24–25. He further implies that he disagrees with decisions about his grievances, but he does not claim any named Defendant had any responsibility for, or took any unconstitutional action regarding, those grievances. See ECF No. 107 at 7–9, 15. Other than the specific allegations against Defendants Richardson and Bowman, Plaintiff does not allege any actions on the part of any other Defendant.

**Procedural History**

The SCDC Defendants moved for summary judgment on July 20, 2021. ECF No. 44. Plaintiff filed a Response in Opposition to the Motion for Summary Judgment, ECF No. 70, while also requesting additional time to respond to the Motion for Summary Judgment because he was waiting on additional documents from Defendants. ECF No. 71. He was granted an extension of time to do so until December 21, 2021. ECF No. 73.

On December 15, Plaintiff filed a Motion to Compel, seeking discovery responses from all Defendants except Bowman.[1] The SCDC Defendants filed a Response in Opposition (ECF No. 90), indicating they were not served with Plaintiff's initial discovery requests until December 15, 2021, such that their responses were not yet due. Defendant Joyner filed a Response in Opposition to Plaintiff's Motion (ECF No. 92), providing a certificate of service indicating he responded to Plaintiff's discovery requests on December 6, 2021.

On January 4, 2022, the Court found Plaintiff's initial Motion to Compel to be premature.

---

[1] Bowman was not a Defendant in the case at that time. *See* ECF No. 107 (Second Amended Complaint adding Bowman and filed on January 14, 2022).

2

ECF No. 94. The Court denied that Motion without prejudice, explaining:

> To the extent Plaintiff does not receive timely responses to his discovery from Defendants SCDC, Stirling, Sharp and Tisdale or to the extent he identifies specific deficiencies with regard to any responses or objections that he has received or receives, he may file another Motion to Compel before the close of discovery, consistent with the Federal Rules of Civil Procedure.

*Id.* Pursuant to the current scheduling order, discovery closed on January 24, 2022. ECF No. 75.

On January 5, 2022, the undersigned recommended granting the SCDC Defendants' Motion for Summary Judgment, as the SCDC Defendants were immune from liability in their official capacities and Plaintiff failed to make any allegations in his Amended Complaint that any of the SCDC Defendants had any personal involvement in the alleged constitutional violations. ECF No. 101. Plaintiff filed a Motion to Stay any ruling on the recommendation, pending discovery responses, ECF No. 105, and filed an Objection, ECF No. 115. The District Judge issued an Order denying Plaintiff's Motion to Stay, finding that: "[t]he discovery requests set forth in Plaintiff's Motion to Stay do not seek information that would show that the Moving Defendants were personally involved in the incident at issue or other information to overcome Eleventh Amendment immunity." ECF No. 147. The District Judge granted the SCDC Defendants' Motion for Summary Judgment, dismissing them from the case on February 10, 2022. ECF No. 149.

## **Legal Standard and Relevant Rules**

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3

> Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

A party seeking discovery may move for an order compelling an answer or production if a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents, as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). Federal district courts are vested with broad discretion in resolving discovery disputes and deciding whether to grant or deny a motion to compel. *Erdmann v. Preferred Research, Inc. of Ga.*, 852 F.2d 788, 792 (4th Cir. 1988); *see Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995) ("The scope and conduct of discovery are within the sound discretion of the district court.").

Pursuant to Local Rule 37.01, D.S.C., motions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed or, where no response has been received, within twenty-one (21) days after the response was due. L.R. 37.01(A), D.S.C. Moreover, "relevant discovery requests and responses, if any, shall be filed as supporting documentation." *Id.* at 37.01(B).

## Discussion

The District Judge denied Plaintiff's Motion to Stay and granted the SCDC Defendants' Motion for Summary Judgment, dismissing them from the case. Accordingly, Plaintiff's Motions are denied as moot with regard to the SCDC Defendants. To the extent any of the Motions pertain to the remaining Defendants Richardson and Joyner, they are addressed below.

### 1. *Plaintiff's First Motion to Compel, ECF No. 117*

In his first Motion to Compel, Plaintiff sets forth four requests for production seeking (1) personnel and disciplinary records of all Defendants; (2) documents regarding the history and amount of civil suits Defendants have had filed against them; (3) Plaintiff's complete prison

4

records; and (4) all SCDC rules, regulations, and policies regarding the treatment of prisoners. ECF No. 117 at 1. According to Plaintiff, he "filed" these discovery requests on June 21, 2021, but he had not received response as of December 8, 2021. *Id.* at 2. Plaintiff states that he "gave Defendants extra time to respond in good faith," but "Defendants continue to deliberately refuse to afford [P]laintiff much need discovery." *Id.* Plaintiff asserts that he filed an initial motion for an order compelling discovery on July 30, 2021. *Id.* He now moves for an order compelling all Defendants except Bowman to produce the requested documents. *Id.* at 1, 3. Notably, although Plaintiff filed this Motion to Compel on January 20, 2022, he signed and dated it December 8, 2021. *Id.* at 3.

Defendant Joyner opposes this Motion to Compel, arguing that he has not been properly served with any discovery requests that are the subject of Plaintiff's Motion; that discovery ended on January 24, 2022; and that, to the extent the discovery requests are construed as proper, he is no longer employed with, nor has access to any information within, SCDC, such that he does not have sufficient information to respond to the requests. ECF No. 138. Defendant Richardson argues that the Motion to Compel is improper, as Plaintiff did not attach copies of the subject written discovery requests to his motion to compel and did not demonstrate efforts to confer with counsel regarding the status of any written discovery requests directed specifically to Defendant Richardson. ECF No. 139.

Plaintiff did not include a certificate of service for these requests for production, and he makes no statement or argument in the first Motion to Compel that the requests for production were served on Defendants. Rather, he states that he "filed" the discovery requests on June 21, 2021. However, pursuant Local Rule 5.01, D.S.C., interrogatories, requests for production, requests for admission, and responses thereto (collectively "discovery material") must be served

upon other counsel or parties, not filed with the court. Defendants assert that they were not served with these requests for production, and there is no evidence before the Court showing otherwise. Indeed, neither Defendant Joyner nor Defendant Richardson had made an appearance in this case by June 21, 2021, such that they could not have been served with discovery at that time.[2] Moreover, although Plaintiff asserts that he filed a motion to compel on July 30, 2021, there is no such filing of record: the docket indicates that he did not file his initial motion to compel until December 15, 2021, over six months after he allegedly propounded these requests for production. ECF No. 87. Thus, even if Plaintiff had properly served Defendants with discovery in June 2021, he did not file a motion to compel those discovery responses within the 21-day time period set forth in Local Rule 37.01(A).

Because there is no information before the Court that these requests for production were ever served on Defendants, or that Plaintiff timely filed a Motion to Compel responses in accordance with Local Rule 37.01(A), D.S.C, Plaintiff's first Motion to Compel is denied.

### 2. *Plaintiff's Second Motion to Compel, ECF No. 118*

In his second pending Motion to Compel, Plaintiff seeks production of the names and documents relating to training officials, hiring officials, supervisory officials, and officials

---

[2] Counsel for Defendant Joyner first made an appearance in this case on June 28, 2021. ECF No. 35. Counsel for Defendant Richardson first appeared in this case on July 15, 2021. ECF No. 42. In his Reply to Richardson's Response, ECF No. 153, Plaintiff appears to suggest that Defendant Richardson was subject to requests for discovery made to other parties because, he argues, he filed a "Motion/Petition to Consolidate all Motions and Proceedings to Encompass[] ALL Defendants relevant to case." ECF No. 153 at 1 ¶ 1. Plaintiff appears to be referring to his Motion to Consolidate, filed on November 10, 2021, in which Plaintiff requested to consolidate or use his Replies to the SCDC Defendants Answer and Joyner's Answer as his Response to Defendant Richardson's Answer. ECF No. 77. On November 17, 2021, the Court entered a text order "grant[ing] Plaintiff's request [to] treat his Replies at ECF Nos. 28 & 52 also as his Reply to Defendant Richardson's Answer." ECF No. 78. Review of the docket reveals no other motions to consolidate or anything suggesting that Richardson would be subject to discovery not properly served on him.

responsible for personnel files. ECF No. 118 at 1–2 ¶¶ 1–5. Plaintiff also seeks the names of all SCDC officials, including staff attorneys and contract employees, as well as their positions, ranks, assigned institutions, duties and obligations, and badge numbers. *Id.* at 2 ¶ 6. Plaintiff moves for an order compelling all Defendants except Bowman to produce the requested documents. *Id.* at 1, 3. Finally, although Plaintiff filed this Motion to Compel on January 20, 2022, he signed and dated it December 11, 2021. *Id.* at 3.

The SCDC Defendants have been dismissed from the case, such that the Motion as it pertains to them is moot. Defendant Joyner opposes this Motion to Compel, arguing that he has not been properly served with any discovery requests that are the subject of Plaintiff's Motion; that discovery ended on January 24, 2022; and that, to the extent the discovery requests are construed as proper, he is no longer employed with, nor has access to any information within, SCDC, such that he does not have sufficient information to respond to the requests. ECF No. 138. Defendant Richardson argues that the Motion to Compel is improper, as Plaintiff did not attach copies of the subject written discovery requests to his motion to compel and did not demonstrate efforts to confer with counsel regarding the status of any written discovery requests directed specifically to Defendant Richardson. ECF No. 139.

The document requests listed in Plaintiff's second Motion to Compel appear to be new discovery requests, as Plaintiff neither states in his Motion that he had previously served these requests on Defendants nor attaches any prior requests or certificates of service. *See generally* ECF No. 118. There is no evidence from or argument by Plaintiff that these discovery requests were ever served on Defendants. Accordingly, Plaintiff's second Motion to Compel (ECF No. 118) is denied.

### 3. *Plaintiff's Third, Fourth and Fifth Motions to Compel, ECF Nos. 122-124*

Plaintiff's third, fourth and fifth Motions to Compel are directed at only the SCDC Defendants. ECF Nos. 122 at 1, 123 at 1, and 124 at 1. As set forth above, these Motions are denied as moot.

### Conclusion

For the foregoing reasons, Plaintiff's first Motion to Compel (ECF No. 117) and second Motion to Compel (ECF No. 118) as to Defendants Joyner and Richardson are **DENIED** without prejudice. As to the SCDC Defendants, those Motions are **DENIED** as **MOOT**. Plaintiff's third Motion to Compel (ECF No. 122), fourth Motion to Compel (ECF No. 123) and fifth Motion to Compel (ECF No. 124) are **DENIED** as **MOOT**. All requests for an award of expenses are denied. *See* Fed. R. Civ. P. 37(a)(5).

**IT IS SO ORDERED.**

Molly H. Cherry
United States Magistrate Judge

February 16, 2022
Charleston, South Carolina