UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sterling L. Singleton, | ) | C.A. No. 9:21-650-JMC-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Frank Richardson, Warden Joyner, and Wayne Bowman, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed this action pro se, pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights by excessive use of force, as well as retaliation to include denial of access to a law computer. ECF No. 14. Before the Court is Plaintiff's Motion for Preliminary and Permanent Injunction and Temporary Restraining Order (ECF No. 97). Defendants[1] filed Responses in Opposition to the Motion (ECF Nos. 110 and 111), and the deadline for any Reply has now passed. The Motion is ripe for review.[2]

## BACKGROUND

In his Motion, Plaintiff requests that the Court issue an injunction ordering Defendants to: (a) cease from propagating "rumors, lies and/or any other detrimental information" about Plaintiff or his case; (b) cease from retaliating against Plaintiff as a result of his political activism; (c) serve, protect and care for Plaintiff in every degree; (d) afford Plaintiff with "necessary and requested

---

[1] After Plaintiff filed this Motion, all defendants except for Warden Joyner, Frank Richardson and Wayne Bowman have been dismissed. *See* ECF No. 149. Defendants Warden Joyner and Richardson filed Responses in Opposition to Plaintiff's Motion.

[2] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2), DSC, the undersigned is authorized to review petitions for injunctive relief and submit findings and recommendations to the District Judge.

1

legal supplies and law materials" to litigate his case; (e) afford Plaintiff adequate access to other law materials that are not on a law computer and to access the law computer for longer periods of time; (f) afford Plaintiff with a computer tablet, as other inmates have had; (g) afford Plaintiff with access to law clerks and other more skilled, trained attorneys; and (h) provide Plaintiff with requested discovery materials. ECF No. 97 at 3–4.

## DISCUSSION

In this instance, Plaintiff has moved for a temporary restraining order, preliminary injunction and permanent injunction. The substantive standards for granting a request for a temporary restraining order and entering a preliminary injunction are the same. *See Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for temporary restraining order). Additionally, the standard for a permanent injunction is "essentially the same" as for preliminary injunctive relief, with the exception that the plaintiff must show actual success on the merits. *See Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987). Accordingly, the undersigned addresses Plaintiff's Motion referring to the standard for a preliminary injunction.

A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Centro Tepeyac v. Montgomery Cty.*, 722 F.3d 184, 188 (4th Cir. 2013) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)) (internal quotation marks omitted). The decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court. *See Salazar v. Buono*, 559 U.S. 700, 714 (2010); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

As an initial matter, with regard to several of Plaintiff's requests, specifically items (a), (b), (c) and (h),[3] Plaintiff is not entitled to the injunctive relief he seeks because the wrong or wrongs that Plaintiff's requested injunctive relief would protect against fall outside the scope of the Amended Complaint (ECF No. 14), which was pending at the time Plaintiff filed this Motion, and largely outside the scope of the Second Amended Complaint (ECF No. 107), which was filed on January 14, 2022. The allegations contained therein concern alleged excessive use of force and denial of legal research. *See* ECF Nos. 14 at 5-6, ¶ IV.D and 107 at 5-6, ¶ IV.D ("On or about approx. March 13, 2018 . . . [Defendant] Richardson did use unlawful unconstitutional force . . ."); at 9, ¶ VII.G ("Prisoner has been retaliated against on several occasions but continues to be . . . intimidated, assaulted, stripped of legal materials.").[4]

A "party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Bessellieu* v. *Hollis*, C/A No. 8:20-cv-03189-MGL-JDA, 2021 WL 1299565 (D.S.C. Feb. 22, 2021) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint." *Martin v. Stokes*, No. 8:17-3391-MGL-JDA, 2017 WL 6888826, at *2 (D.S.C. Dec. 20, 2017), *report and recommendation adopted* 2018 WL 368962 (Jan. 11, 2018). "Thus, a

---

[3] Additionally, with regard to (h), Plaintiff's request for an order that Defendants provide with "requested discovery materials," the request is more appropriate for a motion to compel, not injunctive relief. Notably, the Court has extended the discovery deadline for Plaintiff to conduct discovery as to Defendant Richardson. *See* ECF No. 195.

[4] With regard to Plaintiff's request for injunctive relief that Defendants (c) serve, protect and care for Plaintiff in every degree, the undersigned notes Plaintiff added a new claim for "failure to protect" in his Second Amended Complaint. ECF No. 107 at 24–25. Notwithstanding that claim was added after Plaintiff filed this Motion, Plaintiff is still not entitled to the injunctive relief requested for the reasons set forth herein.

3

preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Id.*

Moreover, with regard to all of his requested relief, Plaintiff is not entitled to injunctive relief. A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Id.* at 22. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Id.* at 20–23. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Id.* at 24.

Plaintiff has not shown that he can satisfy the test articulated in *Winter*. First, he has not shown he is likely to succeed on the merits of his action. Second, particularly with regard to paragraphs (e) through (g) addressing his access to legal materials, legal supplies, the law library or law clerks or a tablet, Plaintiff has not shown that he will be irreparably harmed if injunctive relief is not granted. Notably, Plaintiff does not contend that he has been denied access to legal materials or the law library at all. Instead, he argues that he has less access than he wants, though he does not claim that he has been singled out for less access than any other similarly situated inmate.[5]

---

[5] Plaintiff cannot satisfy this element with regard to any of his other requests for injunctive relief, including paragraph (c) regarding a general order to serve, protect and care for Plaintiff.

Plaintiff complains about the obstacles to unfettered research and litigation tools but does not provide a reason he should receive preferential treatment over other inmates. Indeed, Plaintiff's arguments suggest that he needs access to the law library for purposes of discovery in the case. However, discovery is the exchange of factual information between the parties, and Plaintiff has not established that legal research would be necessary for him to fully participate in discovery. Moreover, with regard to Plaintiff's contention that Defendants or their counsel have shortened deadlines, deadlines are set within the federal rules of civil procedure and by the court, not Defendants or their counsel.

Finally, Plaintiff has not demonstrated that the balance of equities necessitate or that the public interest would favor entry of an injunction in this instance. As such, based upon the foregoing, Plaintiff is not entitled to injunctive relief, and his Motion should be denied.

### RECOMMENDATION

Based upon the foregoing, Plaintiff's Motion for Preliminary and Permanent Injunction and Temporary Restraining Order (ECF No. 97) should be **DENIED**.

**IT IS SO RECOMMENDED.**

The parties are referred to the Notice Page attached hereto.

_____
Molly H. Cherry
United States Magistrate Judge

July 26, 2022
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

6