UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sterling L. Singleton, | ) | C/A No. 9:21-cv-00650-JMC-MHC |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| v. | ) | |
| | ) | |
| Frank Richardson, Warden Joyner, and | ) | |
| Wayne Bowman, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Sterling L. Singleton ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was incarcerated within the South Carolina Department of Corrections ("SCDC"). ECF No. 107. Defendant Warden Joyner filed a Motion for Summary Judgment. ECF No.166. After the Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to adequately respond to Defendant's Motion, Plaintiff filed a Response in Opposition to the Motion for Summary Judgment. ECF No. 189.

The Motion is ripe for review. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e) (D.S.C.). Because the Motion for Summary Judgment is dispositive, this Report and Recommendation is entered for review by the District Judge. For the following reasons, the undersigned recommends granting the Motion.

## I.    <u>BACKGROUND</u>

Plaintiff is an inmate incarcerated with the South Carolina Department of Corrections

("SCDC"). In his verified Second Amended Complaint, Plaintiff asserts claims concerning an incident on March 13, 2018, while he was housed at Lee Correctional Institution. ECF No. 107. Specifically, he alleges that while being transported to a mental health counselor while in restraints and "not posing any threats," Defendant Frank Richardson, who was a member of SCDC's security staff, used unconstitutionally excessive force by slamming Plaintiff to the ground and placing his knee on the back of Plaintiff's neck and face. ECF No. 107 at 5–6. Plaintiff alleges that he went nearly unconscious and suffered great bodily harm. ECF No. 107 at 6. He asserts that this action was possibly retaliatory in nature, though he does not provide further detail. ECF No. 107 at 6, 8.

According to the Incident Report from SCDC, Defendant Richardson was called to Plaintiff's cell because Plaintiff had been setting fires on the wing. ECF No. 44-4 at 2. After Plaintiff set more fires, Plaintiff was escorted by Defendant Richardson and another officer to the duty office at the request of mental health personnel. ECF No. 44-4 at 2. Plaintiff verbally threatened and attempted to grab the officers, at which point Defendant Richardson employed empty hand control and defensive tactics to restrain Plaintiff and put him on the floor. ECF No. 44-3 at 2, 44-4 at 3, 44-6 at 1, ¶ 5. Plaintiff was taken to medical and seen by Nurse Sherri Thomas. ECF No. 44-4 at 3. No injuries were noted by medical. ECF No. 44-4 at 3, 44-6 at 2, ¶ 6.

Plaintiff attaches several Requests to Staff Member complaining about his medical care, but he does not allege Defendant Warden Joyner is responsible for, or prevented, his medical treatment. *See* ECF No. 107 at 15–18, 107-1 at 3-6. Plaintiff also attaches a Grievance regarding Defendant Richardson, which was returned as untimely because Plaintiff did not attempt to grieve the alleged incident with Richardson until over five (5) months after the alleged incident. ECF No. 107 at 19-21.

Plaintiff further implies that he disagrees with decisions about his internal complaints, but he does not claim Defendant Warden Joyner had any responsibility for, nor took any unconstitutional action regarding, those complaints. Plaintiff does not allege any individual actions on the part of Defendant Warden Joyner. *See* ECF No. 107.

## II.    <u>LEGAL STANDARD</u>

Defendant Warden Joyner moves for summary judgment on Plaintiff's claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 44. Summary judgment is appropriate if a party "shows there is no genuine dispute as to any issue of material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under the framework established in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the party seeking summary judgment shoulders the initial burden of demonstrating to the Court that there is no genuine issue of material fact. *Id*. at 323. Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id*. at 324.

Under this standard, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, although the Court views all the underlying facts and inferences in the record in the light most favorable to the non-moving party, the non-moving "party nonetheless must offer some 'concrete evidence from which a reasonable juror could return a verdict in his [or her] favor.'" *Williams v. Genex Servs., LLC*, 809 F.3d 103, 109 (4th Cir. 2015) (quoting *Anderson*, 477 U.S. at 256). That is to say, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory or speculative allegations or denials, without

more, are insufficient to preclude the granting of the summary judgment motion. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. To survive summary judgment, the non-movant must provide evidence of every element essential to his action on which he will bear the burden of proving at a trial on the merits. *Celotex Corp.*, 477 U.S. at 322.

Additionally, pro se filings are to be "liberally construed" and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). This "[l]iberal construction of the pleadings is particularly appropriate where, as here, there is a pro se complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (citation omitted); *Williamson v. Stirling*, 912 F.3d 154, 173 (4th Cir. 2018) (noting "we are obliged to construe [a complaint's] allegations liberally and with the intent of doing justice"). However, the requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact when none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

## III.    DISCUSSION

Plaintiff brought this suit against Defendant Warden Joyner, in his official and individual capacities, for excessive use of force pursuant to 42 U.S.C. § 1983.[1] ECF No. 107 at 3. Defendant

---

[1] To the extent Plaintiff's Second Amended Complaint can be interpreted as asserting any other

argues he is entitled to summary judgment because, inter alia, the Eleventh Amendment bars the suit against him in his official capacity and that Plaintiff has failed to show any constitutional violation by him. The undersigned agrees and recommends Defendant's Motion for Summary Judgment be granted.

### A. Eleventh Amendment

Defendant, in his official capacity, is immune from suit for damages under the Eleventh Amendment and, thus, is entitled to summary judgment.

Under the Eleventh Amendment, federal courts are barred from hearing claims for damages against a state or its agents, instrumentalities, and employees, unless the state has consented to the suit. *Fauconier v. Clarke*, 966 F.3d 265, 279 (4th Cir. 2020); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) ("It has long been settled that [the Eleventh Amendment's] reference to 'actions against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). Unless a state has consented to suit or Congress has waived a state's immunity pursuant to the Fourteenth Amendment, a state (and its agencies) may not be sued in federal or state court. *Will v.*

---

federal claims against this Defendant pursuant to 42 U.S.C. § 1983, those claims should be dismissed. As set forth herein, Plaintiff has failed to allege or show any personal involvement by Defendant Warden Joyner pertaining to any claim set forth in the Second Amended Complaint. Plaintiff has not shown that Defendant Warden Joyner was deliberately indifferent to his serious medical needs, let alone was responsible for or interfered with his medical care. *See Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975). To the extent Plaintiff claims that Defendant Warden Joyner refused to house him in the area and under the conditions he demanded, he has presented no evidence that Defendant Warden Joyner had any input into his housing. Moreover, the only evidence before the Court is that Plaintiff was often separated from the general prison population for safety or mental health concerns, based upon the recommendations of medical and/or mental health professionals, such that these restrictions do not rise to the level of cruel and unusual punishment. *See Porter v. Clarke*, 923 F.3d 348, 362–63 (4th Cir. 2019), *as amended* (May 6, 2019). Accordingly, Defendant Warden Joyner is entitled to summary judgment on any other federal claims under 42 U.S.C. § 1983 that Plaintiff may be asserting against him in this action.

*Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress has not abrogated the states' sovereign immunity under § 1983, *Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court, S.C. Code Ann. § 15-78-20(e).

At all times relevant to Plaintiff's Second Amended Complaint, it is undisputed that Defendant Warden Joyner was employed by SCDC. *See* ECF No. 107 at 3. SCDC is an agency and an alter ego of the state of South Carolina. *See* S.C. Code Ann. § 24-1-30. Thus, Defendant, as an employee of SCDC during the relevant time, is entitled to Eleventh Amendment immunity in his official capacity. *See Simpson v. S.C. Dep't of Corr.*, No. 2:19-CV-2245-RMG, 2020 WL 582321, at *2 n.1 (D.S.C. Feb. 6, 2020) (noting SCDC employees are entitled to Eleventh Amendment immunity in suits brought against them in their official capacities).

Moreover, for purposes of damages under § 1983, Defendant is not considered a "person" amenable to suit. *See Will*, 491 U.S. at 71 ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Hafer v. Melo*, 502 U.S. 21, 26–27 (1991). Accordingly, the undersigned recommends granting summary judgment to Defendant Warden Joyner for any damages claims against him in his official capacity.

## B.  Individual Capacity and Injunctive Relief

Although he cannot be sued in their official capacity, Defendant Warden Joyner is subject to suit for money damages in his individual capacity in a § 1983 lawsuit. *See Hafer*, 502 U.S. at 27; *Goodmon v. Rockefeller*, 947 F.2d 1186, 1187 (4th Cir. 1991). Moreover, "[a] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n.10 (internal quotation marks omitted).

To state a § 1983 claim, Plaintiff must demonstrate that Defendant Warden Joyner, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. 42 U.S.C. § 1983; *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). For the reasons set forth below, Plaintiff cannot make out a claim under 42 U.S.C. § 1983. Accordingly, Plaintiff's claim against Defendant Warden Joyner in his individual capacity and the request for injunctive relief against Defendant in his official capacity should be dismissed.

### a.  No Individual Action

In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Plaintiff's Second Amended Complaint sets forth no actions attributable to Defendant Warden Joyner whatsoever. *See* ECF No. 107. Moreover, Plaintiff has presented no evidence to show Defendant Warden Joyner had any personal involvement in the alleged constitutional violations. *See Williamson*, 912 F.3d at 171 (noting a plaintiff must show that the official acted personally in violating the plaintiff's constitutional rights); *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (noting liability will only lie in § 1983 actions where it is "affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights" (citation omitted)). Accordingly, Defendant Warden Joyner is entitled to summary judgment. [2]

### b.  Supervisor Liability

To the extent Plaintiff alleges Defendant Warden Joyner is somehow vicariously liable by virtue of his supervisory position, such claim also fails. Pure supervisory liability will not lie in § 1983 actions. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("The doctrine of *respondeat*

---

[2] Defendant Warden Joyner also argues he is entitled to qualified immunity for discretionary acts when carrying out his duties. ECF No. 166 at 4-5. Because Plaintiff has not identified any specific acts of Defendant Warden Joyner that would give rise to liability under § 1983, the undersigned need not address the issue of qualified immunity.

*superior* has no application under this section."). Rather, to hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983, Plaintiff must show facts establishing the following elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff has failed to show any of these required elements. Accordingly, because Plaintiff has failed to point to evidence in the record that would support threshold and essential elements of a § 1983 claim, summary judgment is appropriate as to Defendant Warden Joyner. *See Celotex Corp.*, 477 U.S. at 322 (noting the non-movant must provide evidence of every element essential to his action to survive summary judgment).

       *c.  Bystander Liability*

      To the extent Plaintiff alleges Defendant Warden Joyner is somehow liable under a theory of bystander liability, such claim also fails. As the Fourth Circuit has recognized, "an officer may be liable under § 1983, on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall v. Prince George's Cty., Md.*, 302 F.3d 188, 204 (4th Cir. 2002) (footnote omitted). In other words, officers cannot stand on the sidelines; rather, in certain situations, they are "obliged to act." *Id.*; *see also Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) ("It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.").

Plaintiff has failed to show any of these required elements to support a theory of bystander liability. Accordingly, because Plaintiff has failed to point to evidence in the record that would support threshold and essential elements of a § 1983 claim under a theory of bystander liability, summary judgment is appropriate as to Defendant Warden Joyner. *See Celotex Corp.*, 477 U.S. at 322 (noting the non-movant must provide evidence of every element essential to his action to survive summary judgment); *see also Kelly v. Solomon*, No. 3:17-CV-311-FDW, 2020 WL 247539, at *14 (W.D.N.C. Jan. 15, 2020) (holding an excessive force claim against one Defendant officer who allegedly struck Plaintiff in the temple survived summary judgment, but that a bystander liability claim against another Defendant officer did not survive summary judgment because there was no evidence the bystander officer had a reasonable opportunity to prevent the single strike to Plaintiff's head).

### C.  State Law Claims

Plaintiff also asserts several state law claims against Defendant Warden Joyner for assault, battery and negligence, including "failure to protect/failure to properly train/failure to properly supervise." Defendant Warden Joyner is entitled to summary judgment on these claims.

First, there is no evidence that supports a finding that Defendant Warden Joyner violated state law. An "assault" is an attempt or offer, with force or violence, to inflict bodily harm on another. *Mellen v. Lane*, 659 S.E.2d 236, 276 (S.C. Ct. App. 2008). A "battery is the actual infliction of any unlawful, unauthorized violence on the person of another." *Id.* Plaintiff has not alleged any individual act by Defendant Warden Joyner, nor has he pointed to any evidence indicating any act by Defendant Warden Joyner, such that he cannot establish a claim for assault or battery. Accordingly, Defendant Warden Joyner is entitled to summary judgment on these claims.

As to Plaintiff's negligence-based claims, he has not pointed to any evidence supporting any of the necessary elements for a negligence claim against Defendant Warden Joyner. *See Gause v. Doe*, 451 S.E.2d 408, 409 (S.C. Ct. App. 1994) (stating that to prove a negligence claim, a plaintiff must show (1) the defendant owed him a duty to do or not to do any of the things alleged, (2) the defendant breached this duty, (3) the plaintiff was injured, and (4) the defendant's breach of duty proximately caused this injury); *id.* ("A negligence claim is insufficient if one of these elements is absent.") To be sure, Plaintiff has set forth a number of legal conclusions in his Second Amended Complaint regarding these claims; however, conclusory or speculative allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

Finally, all of Plaintiff's claims are premised upon Defendant Warden Joyner's role and position as an employee of SCDC, and are, therefore, subject to the provisions of the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §15-78-10 *et seq. See* S.C. Code Ann. §15-78-30(a), (c), (d), and (h) (1986) (defining "agency," "employee," "governmental entity," and "political subdivision" for purposes of the SCTCA). The SCTCA, which is "the exclusive remedy for any tort committed by an employee of a governmental entity," provides that "[a]n employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable" unless his conduct "was not within the scope of his official duties or . . . constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70(a)–(b). Because there is no evidence in the record regarding Defendant Warden Joyner's conduct—let alone conduct that "was not within the scope of his official duties or that . . . constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude"—Defendant Warden Joyner is not subject to suit for any of the state law claims contained in

Plaintiff's Second Amended Complaint. Accordingly, Defendant Warden Joyner is entitled to summary judgment on any state law claims against him.

### IV.    <u>RECOMMENDATION</u>

For the reasons set forth above, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment, ECF No. 166, be **GRANTED.**

Molly H. Cherry
United States Magistrate Judge

July 26, 2022
Charleston, South Carolina

**<u>The parties are directed to the attached Notice for their rights to file objections to this recommendation.</u>**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).