## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| Sterling L. Singleton,<br><br>        Plaintiff,<br>   v.<br><br>Frank Richardson, Warden Joyner, and Wayne Bowman,<br><br>        Defendants. | Case No. 9:21-cv-00650-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending summary judgment for Defendant Warden Joyner. (Dkt. No. 197). Plaintiff filed an objection to the R & R. (Dkt No. 213). For the reasons set forth below, the Court adopts the R & R and grants summary judgment for Defendant Warden Joyner.

**I.   Background**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was incarcerated within the South Carolina Department of Corrections ("SCDC"). (Dkt. No. 107). Plaintiff alleges that Defendant Frank Richardson, a member of SCDC's security staff, used excessive force by slamming Plaintiff to the ground and placing his knee on the back of Plaintiff's neck and face. (*Id.* at 5-6). Plaintiff asserts that he went nearly unconscious and suffered great bodily harm. (*Id.* at 6).

According to the incident report from SCDC, Defendant Richardson employed empty hand control and defensive tactics to restrain Plaintiff and put him on the floor. (Dkt. No. 44-3 at 2; Dkt. No. 44-4 at 3; Dkt. No. 44-6, ¶ 5). After he was restrained, Plaintiff was escorted to medical and seen by a nurse. (Dkt. No. 44-4 at 3).

1

Plaintiff submitted formal complaints regarding the incident with Defendant Richardson and his medical treatment but did not allege any individual actions on the part of Defendant Warden Joyner. (*See* Dkt. No. 107). For example, Plaintiff made several complaints about his medical care but did not allege that Defendant Warden Joyner was responsible for, or prevented, his medical treatment. (*See id.* at 3-6, 15-8). Plaintiff also submitted an inmate grievance form regarding Defendant Richardson. (*Id.* at 19-21). The grievance was returned as untimely because Plaintiff did not submit the grievance form within five days from the date of the alleged incident. (*Id.* at 21). But Plaintiff did not claim that Defendant Warden Joyner had any responsibility for, nor took any unconstitutional action regarding his grievance. (*Id.*) Despite the lack of allegations against Defendant Warden Joyner, Plaintiff brought this case against Defendant Warden Joyner in both his individual and official capacities.

Defendant Warden Joyner moved for summary judgment arguing that the Eleventh Amendment bars the suit against him in his official capacity and that Plaintiff has failed to show any constitutional violation by him. (Dkt. No. 166). The Magistrate Judge recommends granting Defendant Warden Joyner's motion. (Dkt. No. 197). Plaintiff filed objections. (Dkt. No. 213).

## II.   Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This

Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### B. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, not does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

After a thorough review of the R & R, the record, and Plaintiff's objections, the Court finds the Magistrate Judge comprehensively addressed the issues and correctly concluded that Defendant Warden Joyner's motion for summary judgment should be granted.

The Magistrate Judge correctly determined that because Defendant Warden Joyner is an employee of SCDC, he is entitled to Eleventh Amendment immunity in his official capacity. *Simpson v. S.C. Dep't of Corr.*, No. 2:19-cv-2245-RMG, 2020 WL 582321, at *2 n.1 (D.S.C. Feb. 6, 2020) (noting that Eleventh Amendment immunity extends to arms of the State and that SCDC is an arm of the State of South Carolina). Accordingly, Defendant Warden Joyner is entitled to summary judgment for any damages claims against him in his official capacity.

The Magistrate Judge also correctly determined that Defendant Warden Joyner is entitled to summary judgment on Plaintiff's § 1983 claims against Defendant Warden Joyner his personal capacity. Plaintiff did not provide any allegations or present any evidence that showed Defendant Warden Joyner had any personal involvement in the alleged use of excessive force. Plaintiff also failed to show facts to establish supervisor or bystander liability. Additionally, Plaintiff's objections are unavailing as they merely rehash arguments previously considered by the Magistrate Judge. Accordingly, Defendant Warden Joyner is entitled to summary judgment for Plaintiff's § 1983 claims against him in his individual capacity.

The Magistrate Judge also correctly determined that Defendant Warden Joyner is entitled to summary judgment on Plaintiff's state law claims of assault, battery, and negligence. Plaintiff did not allege any individual act by Defendant Warden Joyner or pointed to any evidence indicating any act by Defendant Warden Joyner that could establish a claim for assault or battery. Similarly, Plaintiff did not provide specific allegations or evidence to meet any of the elements of

a negligence claim. Moreover, because Plaintiff's state law claims are premised upon Defendant Warden Joyner's role as an employee of SCDC, Plaintiff's state law claims are subject to the South Carolina Tort Claims Act, which provides that an "employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable" unless his conduct "was not within the scope of his official duties or . . . constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Cod Ann. § 15-78-70(a)-(b). And because Plaintiff did not provide any allegations or evidence regarding Defendant Warden Joyner's conduct, Plaintiff cannot show that Defendant Warden Joyner's conduct was not within the scope of his official duties or that the conduct constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude. Accordingly, Defendant Warden Joyner is entitled to summary judgment on Plaintiff's state law claims.

## IV.     Conclusion

For the reasons set forth above, the Court agrees with and **ADOPTS** the R & R of the Magistrate as the order of the Court. (Dkt. No. 197). Accordingly, the Court **GRANTS** Defendant Warden Joyner's motion for summary judgment (Dkt. No. 166).


　　　　　　　　　　　　　　　　　　　　　　 s/Richard M. Gergel
　　　　　　　　　　　　　　　　　　　　　　Richard Mark Gergel
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

September 14, 2022
Charleston, South Carolina