**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Sterling L. Singleton, | Case No. 9:21-cv-00650-RMG |
| Plaintiff, | |
| v. | |
| Frank Richardson, Warden Joyner, and Wayne Bowman, | **ORDER AND OPINION** |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that this Court deny Plaintiff's Motion for Preliminary and Permanent Injunction and Temporary Restraining Order. (Dkt. No. 196). For the reasons set forth below, the Court agrees with and adopts the R & R as the order of the Court.

**I.    Background**

Plaintiff filed this action pro se, pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights by excessive use of force, as well as retaliation to include denial of access to a law computer. (Dkt. No. 14). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was assigned to a Magistrate Judge for all pretrial proceedings. Plaintiff filed a Motion for Preliminary and Permanent Injunction and Temporary Restraining Order (Dkt. No. 97). Specifically, Plaintiff requests that the Court order Defendants to (1) cease from propagating "rumors, lies and/or any other detrimental information" about Plaintiff; (2) cease from retaliating against Plaintiff as a result of his political activism; (3) serve, protect and care for Plaintiff in every degree; (4) afford Plaintiff with "necessary and requested legal supplies and law materials" to litigate his case; (5) afford Plaintiff adequate access to other law materials that are not on a law computer and to access the law computer for longer periods of time; (6) afford Plaintiff with a

computer tablet, as other inmates have had; (7) afford Plaintiff with access to law clerks and other more skilled, trained attorneys; and (8) provide Plaintiff with requested discovery materials. (*Id.* at 3-4). The Magistrate then issued an R & R recommending the Court deny the motion. (Dkt. No. 196). Plaintiff did not file objections to the R & R.

## II. Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## III. Discussion

After review of the record and the R & R, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R & R as the order of the Court. The Court agrees that Plaintiff has failed to satisfy the heavy burden required to obtain injunctive relief. Particularly, the Court agrees that Plaintiff cannot show that he is likely to succeed on the merits of his action.

## IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R & R (Dkt. No. 196) as the Order of the Court. Accordingly, Plaintiff's motion (Dkt. No. 97) is **DENIED**.

                                                                     <u>s/ Richard Mark Gergel</u>
                                                                     Richard Mark Gergel
                                                                     United States District Judge

September 27, 2022
Charleston, South Carolina