IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sterling L. Singleton, ) | Civil Action No. 9:21-cv-00650-RMG-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Frank Richardson and Wayne Bowman, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On October 7, 2022, Defendant Wayne Bowman filed a Motion for Summary Judgment ("Bowman Motion"), seeking dismissal of this case. ECF No. 222. As Plaintiff is proceeding pro se, the Court entered a *Roseboro* Order on October 11, 2022, which was mailed to Plaintiff, advising him of the importance of a dispositive motion and of the need to file an adequate response. ECF Nos. 223 & 224. Plaintiff was specifically advised that if he failed to file a properly supported response, the Bowman Motion may be granted, thereby ending his case. ECF No. 222. Plaintiff's deadline to file a response to the Bowman Motion was November 17, 2022. *See id.*

On November 3, 2022, Defendant Frank Richardson filed a Motion for Summary Judgment ("Richardson Motion"), seeking dismissal of this case. ECF No. 225. The Court entered a *Roseboro* Order on November 4, 2022, which was mailed to Plaintiff, again advising him of the importance of a dispositive motion and of the need to file an adequate response. ECF Nos. 226 & 227. Plaintiff was specifically advised that if he failed to file a properly supported response, the Richardson Motion may be granted, thereby ending his case. ECF No. 226. Plaintiff's deadline to file a response to the Richardson Motion was December 8, 2022. *See id.*

Notwithstanding the specific warnings and instructions as set forth in the Court's two *Roseboro* Orders, Plaintiff has failed to respond to either the Bowman Motion or the Richardson Motion or to contact the Court in any way.

Based on the foregoing, the undersigned finds that Plaintiff meets the criteria for dismissal under *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982).[1] Accordingly, it is **RECOMMENDED** that this action be **DISMISSED** for lack of prosecution. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b); *see also Coker v. Int'l Paper Co.*, No. 08-1865, 2010 WL 1072643, at *2 (D.S.C. Mar. 18, 2010) (noting that a plaintiff can abandon claims by failing to address them in response to a dispositive motion); *Jones v. Family Health Ctr., Inc.*, 323 F. Supp. 2d 681, 690 (D.S.C. 2003) (noting that a claim not addressed in opposition memorandum had been abandoned).

**The Clerk shall mail this Report and Recommendation to Plaintiff at his last known address. If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wants to continue with this case and provides a response to the Motion, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.**

If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss

---

[1] Plaintiff is personally responsible for proceeding in a dilatory fashion; Defendants are suffering prejudice because of having to expend time and resources on a case in which Plaintiff is unresponsive; no sanctions other than dismissal appear to exist as the Plaintiff is indigent (and therefore not subject to monetary sanctions); and Plaintiff has otherwise failed to respond to Court filings despite a Court order requiring him to do so. *Lopez*, 669 F.2d at 920.

suit when plaintiff did not comply despite warning).[2]

It is so **RECOMMENDED**.

The parties are referred to the Notice Page attached hereto.

January 4, 2023  
Charleston, South Carolina

Molly H. Cherry  
United States Magistrate Judge

---

[2]After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed. R. Civ. P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. *See Simpson v. Welch*, 900 F.2d 33, 35–36 (4th Cir. 1990); *Ballard*, 882 F.2d at 95–96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).