IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sterling L. Singleton,                              )<br>                                                              )<br>                    Plaintiff,              )<br>                                                              )<br>         v.                                              )<br>                                                              )<br>Frank Richardson and Wayne Bowman,   )<br>                                                              )<br>                                                              )<br>                    Defendant.            )<br>_____) | Civil Action No. 9:21-cv-00650-RMG<br><br><br><br>**ORDER AND OPINION** |

      This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge recommending the Court dismiss Plaintiff's case for lack of prosecution. (Dkt. No. 262). For the reasons stated below, the Court adopts the R & R as the Order of the Court.

**I.     Background**

      On October 7, 2022, Defendant Wayne Bowman filed a motion for summary judgment (Dkt. No. 222). On October 11, the Court entered a *Roseboro* Order, which was mailed to Plaintiff. (Dkt. Nos. 223; 224). The *Roseboro* Order advised Plaintiff of the significance of a dispositive motion and that he was required to file a response to the motions. Plaintiff was advised that, if he failed to file a properly supported response, Defendant Bowman's dispositive motion may be granted and end his case. Plaintiff's deadline to respond to Defendant Bowman's dispositive motions was November 17, 2022.

      On November 3, 2022, Defendant Frank Richardson filed a motion for summary judgment. (Dkt. No. 225). The Court entered a *Roseboro* order on November 4, 2022, which was mailed to Plaintiff. (Dkt. Nos. 226; 227). Plaintiff was advised that, if he failed to file a properly supported response, Defendant Richardson's dispositive motion may be granted and end this case. Plaintiff's deadline to respond to Defendant Richardson's dispositive motion was December 8, 2022.

On February 22, 2023, the Court directed the clerk to re-send the *Roseboro* Orders and ordered Defendants to re-serve their respective motions on Plaintiff. (Dkt. No. 239). The Court extedned the deadline for Plaintiff to respond to the two motions to March 27, 2023. Upon motion by Plaintiff, the Court subsequently extended the deadline to June 26, 2023. (Dkt. No. 248). Plaintiff failed to respond to either motion.

On July 6, 2023, the Magistrate Judge issued an R & R recommending the Court dismiss Plaintiff's case for failure to prosecute and ordered objections to the R & R due on July 20, 2023. (Dkt. No. 262). The Magistrate also noted that she would vacate the R & R if Plaintiff notified the Court within the time set forth for filing objections that he wants to continue this case and provides a response to Defendants' motions for summary judgment. Plaintiff did not file an objection or notify the Magistrate of his desire to continue this case. The matter is ripe for the Court's review.

## II.    Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL

1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff has not filed objections in this case and the R & R is reviewed for clear error.

### III.  Discussion

Upon a review of the R & R, the Court finds the Magistrate Judge correctly determined that Plaintiff's case is subject to dismissal for failure to prosecute. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982); *see also Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Rule 41(b), FED. R. CIV. P. The Magistrate Judge issued an Order that was mailed to Plaintiff explaining that Plaintiff was required to file a response to Defendants' dispositive motions, or Defendants' dispositive motions may be granted and end his case. The extended deadline for Plaintiff to file a response to Defendants' dispositive motions was June 26, 2023. Additionally, in the R & R, the Magistrate notified Plaintiff that she would vacate the R & R if the Plaintiff notified the Court of his desire to continue the case before July 20, 2023. (Dkt. No. 262). Because Plaintiff did not file a response to Defendant's dispositive motions or notify the Magistrate of his desire to continue the case, his case is dismissed for lack of prosecution.

### IV.  Conclusion

For the reasons stated above, the Court adopts the R & R (Dkt. No. 262) as the Order of the Court and Plaintiff's case is **DISMISSED** for lack of prosecution. **AND IT IS SO ORDERED**.

  s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 27, 2023
Charleston, South Carolina

3